IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | NO. 3:20-cr-00158 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| ) | |
| D'JUAN BOWERS ) | |

## ORDER

On April 21, 2021, the Court held a hearing on the pending Motion to Suppress Evidence (Doc. No. 29, "Motion"). The Motion sought suppression of 1) statements made by Defendant on May 16, 2020, and 2) a Glock Model 26, 9mm pistol.

The Government indicated at the hearing that it did not contest the suppression of the statements made by Defendant on May 16, 2020 and indeed would, as counsel put it, "self-suppress" such statements. For this and other the reasons discussed at the hearing, the Court therefore will grant as unopposed the Motion as it pertains to the statements made by Defendant on May 16, 2020.

For the reasons discussed at the hearing, the Court finds that the Motion as it pertains to suppression of the firearm must be denied under *California v. Hodari D.*, 499 U.S. 621 (1991). The Court did not hold an evidentiary hearing on this issue, because the Court could rule as a matter of law, based on the pertinent facts that both parties agreed would have been adduced at such an evidentiary hearing: (a) that Defendant could not possibly establish that he was "seized" prior to (allegedly) disposing of the Glock pistol while fleeing from the police; and that therefore (b) Defendant could not possibly establish that the police's recovery of the Glock pistol was the result of any "seizure," lawful or unlawful.

Thus, the Motion is **GRANTED** as it pertains to the suppression of statements made by Defendant on May 16, 2020. The Motion is **DENIED** as it pertains to the suppression of the Glock pistol.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE